**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| OAXACO EL BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | Case No.: 4:14-cv-820 |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OBJECTION/RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

NOW COMES Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM" or "Defendant"), by and through its undersigned counsel at Gordon & Rees LLP, and objects to Plaintiff's Motion for Leave to File an Amended Complaint. In support of its objection and as a Response to Plaintiff's Motion, RPM states as follows:

1.      First and foremost, a pro-se Plaintiff is not excused from proceeding according to the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2.      While leave to amend may be granted under F.R.C.P. 15(a), requirements with other Federal Rules of Civil Procedure must be followed when making such a request. The Federal Rules of Civil Procedure require that motions be made in writing, state the grounds for the motion with *particularity*, and set forth the relief or order sought. *See* F.R.C.P. 7(b)(emphasis added). "The particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint" and setting forth specific reasons why such an

amendment is necessary. *Bommarito v. Vilsack*, 2012 U.S. Dist. LEXIS 31741, at \*5 (E.D. Mo. 2012)(quoting *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983)).

3.      Good reasons for denial of leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment. *Becker v. Univ. of Neb.*, 191 F.3d 904, 907-08 (8th Cir. 1999).  The Eighth Circuit has repeatedly held that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion for leave to amend. *Id.*; *see also Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

4.      As such, Plaintiff's Motion for Leave to File an Amended Complaint fails on its face under the requirements of the Federal Rules of Civil Procedure as no proposed amendment was submitted with the motion and no specific reasons were set forth, with any particularity, in said motion.  Therefore, Plaintiff's Motion should be denied for that basis alone.

5.      Moreover, Defendant's Motion to Dismiss Plaintiff's original Complaint pursuant to Rule 12(b)(6) is fully briefed and ready to be ruled upon.  Given that Defendant has asserted that a permissible purpose exists, Plaintiff's failure to attach a proposed amendment does not provide Defendant or this Court the opportunity to determine if an amendment would be futile. Since the FCRA provides that a CRA may "furnish a consumer report . . . [t]o a person[1]  which it has reason to believe – intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or **collection of an account** of, the consumer." *See* 15 U.S.C. § 1681b(a)(3)(A).  Further, any "person" may "use or obtain a consumer report" if the report "is

---

[1]  A "person" is "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

obtained for a purpose for which a consumer report is authorized to be furnished under this section." *See* 15 U.S.C. § 1681b(f)(1).  Taken together, sections 1681b(a)(3)(A) and 1681b(f)(1) permit "persons who intend to use credit information to collect a debt owed by the consumer" to obtain and use consumer reports from CRAs, even if the consumer has not consented to the release of the report.  *See Baker v. Trans Union LLC*, 2010 U.S. Dist. LEXIS 51425, at *17-18 (D. Ariz. May 25, 2010); *see also Great Seneca Fin. Corp. v. Fisher*, 2005 U.S. Dist. LEXIS 16217, at *6 (D. Kan. Aug. 8, 2005) (creditor may obtain consumer report under § 1681b(a)(3)(A) "without the debtor's permission if the creditor 'intends to use the information in connection with . . . review or collection" of consumer's account).[2]  With this permissible purpose afforded to Defendant prohibiting an FCRA violation as Plaintiff alleges, Defendant and this Court cannot ascertain whether an amendment would be futile or not.  As such, there is undue prejudice, bad faith, and dilatory motive shown by Plaintiff in requesting leave to file an amended complaint at this late juncture.

6.      The allowance of amendments to pleadings is within the sound discretion of the trial court. *See Synergetics, Inc. Hurst*, 333 F. Supp. 2d 841, 845 (E.D. Mo. 2004).  Since it is within the trial court's broad range of discretion, refusal to grant leave to amend will only be overturned if there is an abuse of that discretion. *Id.*  In that regard, this Court should deny Plaintiff's request for failure to follow the Federal Rules of Civil Procedure by omitting the proposed amendment in its motion and by not setting forth with particularity the reason for such an amendment.  As Defendant's Motion to Dismiss is fully briefed, it is presumed that any amendment would fall under the legal theories presented by Defendant and therefore be futile as

---

[2] Even persons who merely desire to determine whether a debt is collectible may obtain and use a consumer report under section 1681b(a)(3)(A). *See Washington v. S. Shore Bank,* 2004 U.S. Dist. LEXIS 17246, *15-16 (N.D. Ill. Aug. 27, 2004) (concluding that "obtaining a credit report to determine . . . whether a creditor should even pursue a delinquent debt" is a permissible purpose).

a permissible purpose exists. Thus, it would extremely prejudice Defendant, through time and costs, to fully brief another Motion to Dismiss on the same issue. Therefore, Defendant objects to Plaintiff's Motion for Leave to File an Amended Complaint because of the technical deficiencies on the face of his Motion, the factors to be considered in denying such a request, and the fact that Defendant's Motion to Dismiss has been fully briefed.

WHEREFORE, Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC hereby requests this Honorable Court to deny Plaintiff's Motion for Leave to File an Amended Complaint for the reasons stated herein and any other relief this Honorable Court deems just and fair.

Dated: December 15, 2014                              Respectfully submitted,

                                        By:  /s/ Angelo J. Kappas
                                             Angelo J. Kappas
                                             GORDON & REES LLP
                                             One North Franklin
                                             Suite 800
                                             Chicago, IL 60606
                                             akappas@gordonrees.com
                                             Telephone: (312) 565-1400
                                             Fax: (312) 565-6511
                                             *Attorney for Defendant*
                                             *Receivables Performance Management, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2014, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to

all attorneys of record, and sent a copy of the foregoing document via regular mail, postage

prepaid, addressed to the following non CM/ECF participants:

*Plaintiff Oaxaco El Bey*
*2020 Cleveland Ave.*
*Kansas City, MO 64127*

Respectfully submitted,

By:  /s/ Angelo J. Kappas_____ _____
Angelo J. Kappas
GORDON & REES LLP
One North Franklin
Suite 800
Chicago, IL 60606
akappas@gordonrees.com
Telephone: (312) 565-1400
Fax: (312) 565-6511
*Attorney for Defendant*
*Receivables Performance Management, LLC*

1098962/21543903v.1