IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OAXACO EL BEY, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RECEIVABLES PERFORMANCE ) <br> MANAGEMENT, LLC, ) <br>     Defendant. ) | Case No. 14-0820-CV-W-FJG |

## ORDER

Pending before the Court are (1) Defendant's Motion to Dismiss with Supporting Suggestions (Doc. No. 9); and (2) Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 16). As an initial matter, plaintiff's motion for leave to file amended complaint (Doc. No. 16) will be **DENIED**, as plaintiff has failed to attach a copy of the proposed amended complaint to his motion. See Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009). The Court now turns to defendant's motion to dismiss.

**I.    Background**

On August 1, 2014, plaintiff filed the current suit in the Circuit Court of Jackson County, Missouri. Defendant removed the action to federal court on September 16, 2014. Plaintiff asserts in his pro se complaint that defendant obtained a consumer credit report for plaintiff without permission or consent from plaintiff and without any permissible purpose under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff also asserts similar claims under RSMo § 407.020.

## II. Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

## III. Discussion

Defendant moves to dismiss because (1) plaintiff has insufficiently pled that defendant had no permissible purpose to obtain plaintiff's consumer credit report under

2

the FCRA; (2) plaintiff's claim for damages under the FCRA fails because plaintiff has not sufficiently pled willfulness of defendant's actions; and (3) plaintiff's state law claims are preempted by the FCRA.

A. FCRA Claim

Plaintiff claims that defendant willfully violated the FCRA by obtaining his credit report without a statutorily permissible purpose. To succeed on such a claim, Plaintiff must establish that (1) there existed a consumer report, (2) defendant obtained or used said report, and (3) it did so without a statutorily permissible purpose. See Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir.2002), abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007). To be entitled to statutory damages, Plaintiff must also establish that defendant "willingly, knowingly, or recklessly violated [the FCRA]." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir.2008) (citing 15 U.S.C. § 1681n; Safeco Ins. Co. of Am., 551 U.S. at 56–58).

Defendant argues that plaintiff has made only threadbare allegations that defendant had no permissible purpose in obtaining plaintiff's credit report. Upon consideration, the Court finds that the complaint alleges sufficient facts that defendant accessed plaintiff's credit report with no permissible purpose. Plaintiff alleges that he obtained his credit reports, and noticed inquiries by defendant on July 21, 2013 and on October 11, 2013. Doc. No. 9-1, ¶ 5. Plaintiff alleges that he has never had any business dealings with defendant, nor has he applied for credit or services with defendant, nor has he executed any contracts with defendant. Doc. No. 9-1, ¶ 13. Plaintiff further alleges that the credit inquiries dated July 21, 2013 and October 11, 2013, had no "permissible purpose" and appear to violate 15 U.S.C. § 1681b. Doc. No.

9-1, ¶ 14.  Plaintiff further indicates that he gave defendant notice of its violations, but as of the date of filing the complaint had not received a reply from defendant.  Doc. No. 9-1, ¶ 16.  The Court finds these facts sufficient to state a claim that defendant had no permissible purpose in obtaining the credit report.

Defendant also argues that the FCRA claim fails because plaintiff has not sufficiently pled the willfulness of defendant's actions.  Plaintiff seeks statutory damages in the amount of $5,000, plus actual damages, costs, attorney's fees, and other relief.  Doc. No. 9-1, p. 6.  Defendant notes that statutory damages are unavailable without a showing of willfulness.  <u>Dowell v. Wells Fargo Bank, NA</u>, 517 F.3d 1024, 1026-27 (8th Cir. 2008).  However, the Court notes that in nearly all the cases cited by defendant, the courts were considering whether a factual showing of willfulness had been made at the summary judgment stage, after completion of discovery.  The Court finds that plaintiff has sufficiently pled facts from which a reasonable inference could be made that defendant's actions were willful, and plaintiff is entitled to discovery on this issue.  Further, the Court finds that whether plaintiff has suffered actual damages is a question that discovery should answer.  Defendant's motion to dismiss the FCRA claim, therefore, is **DENIED**.

      B.     State Law claims

Plaintiff has asserted that defendant's actions constitute a violation of plaintiff's right to privacy, as well as a violation of RSMo § 407.020 (the Missouri Merchandising Practices Act, or "MMPA").  Defendant correctly notes that 15 U.S.C. § 1681h(e) preempts all claims in the nature of "invasion of privacy" related to information disclosed to credit bureaus.  Thus, any privacy related claim must be dismissed.  Furthermore,

4

defendant asserts that any remaining state court claims should be dismissed because 15 U.S.C. § 1681t(b)(1)(F) provides that "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under Section 1681s-2. . . ." However, 15 U.S.C. § 1681s-2 appears to regulate improper furnishing of information to consumer reporting agencies. This case is not about improper information being furnished to credit bureaus; instead, it is about an allegedly improper request of a credit report. Therefore, defendant cannot rely on 15 U.S.C. § 1681t(b)(1)(F) for preemption of plaintiff's MMPA claim. Therefore, defendant's motion to dismiss state law claims is **GRANTED** insofar as defendant seeks dismissal of the privacy claim, and **DENIED** as it relates to plaintiff's MMPA claim.

### IV. Conclusion

Therefore, for the foregoing reasons, (1) Defendant's motion to dismiss (Doc. No. 9) is **GRANTED IN PART** as it relates to plaintiff's claim for invasion of privacy and **DENIED IN PART** as to all other claims; and (2) Plaintiff's motion for leave to file amended complaint (Doc. No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to Plaintiff at the following address: Oaxaco El Bey, 2020 Cleveland Ave., Kansas City, MO 64127.

**IT IS SO ORDERED.**


Date: January 15, 2015  **/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge